NO. 7951.

STATE OF LOUISIANA

JEFFERSON D. NEELY

COURT OF APPEAL

VS

WILSON & COMPANY.

PARISH OF ORLEANS

OPINION.

By his Honor John St. Paul.

Plaintiff sued out an attachment against Wilson & Co of New Jersey, a corporation; and Wilson & Co of Louisiana, also a corporation, was made garnishee. The assistant secretary of the garnishee answered the interrogatories from Chicago, Illinois, that to the best of his knowledge and belief the garnishee owed nothing to the defendant.

Plaintiff sought to traverse the answers of the garnishee; and showed by the books of the garnishee that the latter was indebted to a certain "Wilson & Co" located and doing business in Chicago, Illinois,

I.

It was shown that Wilson & Co of New Jersey had a branch at Mobile, Alabama, and that said branch was financed entirely by the Wilson & Co located at Chicago; that is to say, Wilson & Co located at Chicago collected and paid all accounts due to or by the Mobile branch of Wilson & Co of New Jersey.

It was further shown that Wilson & Co, located at Chicago have extensive dealings with other Wilson & Co located at Kansas City, at Oklahoma City, and elswhere; which business is handled in the same way as business with the Mobile branch.

It was further shown that Wilson & Co of Louisiana also does business with the Chicago Wilson & Co in the same way as all other Wilson & Co; that its local employees report to "the Chicago office",; that they do not know in whose employ their own superior officers are, nor whether Wilson & Co of Chicago be a New Jersey or New York corporatĵĝn or corporation at all; that the account with the Chicago office stands upon the local books as "Wilson & Co, Personal", being so kept under instructions from Chicago, but for reasons unknown to the local employees.

## II.

It was shown by the Secretary of State of Alabama that the only Wilson & Co authorized to do business in that state is a New Jersey corporation (the defendant), which had designated Chicago, Illinois, as its principal office outside the State of Alabama.

It was shown by the Secretary of State of Illinois that the only Wilson & Co authorized to do business in that state is a New York corporation, located at Chicago.

## III.

It was shown that the last indebtedness by the Louisiana corporation directly to the Mobile branch arose in February 1919 and was paid to the Chicago office on

March 4th 1919; that is to say, before this attachment issued (March 28th 1919).

### IV.

From the foregoing we conclude;

I. That there is a close business connection between Wilson & Co located at Chicago and other Wilson & Co located at various points.

2. That there are at least three seperate corporations bearing the name of Wilson & Co ( New York, New Jersey, Louisiana).

3. That the garnishee was not <u>directly</u> indebted to the Mobile branch of the New Jersey company when the attachment issued; which (had it been the fact) might have led to a different result.

### V.

As the declaration of Wilson & Co of New Jersey, made to the Secretary of State of Alabama, that its principal office was located at Chicago, cannot prejudice, or deprive of corporate existance, the New York corporation actually and alone doing business in Illinois, we can no more hold that the New York and the New Jersey corporations are one and the same than we could hold that these two are one with the Louisiana corporation.

The fact is that they are simply distinct corporations, each holding its existence by creation of a seperate

sovreignity. That they bear the same or similar names, and are closely related as to their business, matters not at all. And without elaborating thereon we may say that seperate incorporations in several states is often highly convenient, and sometimes even obligatory by law (See, for instance, La. Const. of 1898, Art 274).

## VI.

To sum up the whole matter; The Louisiana and New Jersey corporations, which seem to be mere subsidiaries of the New York company, are however seperate corporate entities, which may become indebted to each other by reason of transactions between themselves, but not by reason, of any indebtedness to the central or parent corporation.

We therefore conclude that Wilson & Co of New York may or may not be indebted to Wilson & Co of New Jersey by reason of holding the funds of the latter; but that Wilson & Co of Louisiana held no funds of Wilson & Co of New Jersey when this garnishment issued.

The judgment appealed from is therefore affirmed.

New Orleans La, December 20th, 1920.